In re William J. STOECKER, Debtor.

Thomas E. RALEIGH, as Trustee for
William J. Stoecker, Plaintiff,

v.

MID AMERICAN NATIONAL BANK
AND TRUST COMPANY,
Defendant.

Bankruptcy No. 89 B 02873.
Adv. No. 91 A 00262.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 12, 1991.

See also 128 B.R. 205.

Thomas Raleigh, Raleigh & Helm, Chicago, Ill., trustee.

James H. Bowhay, Neal, Gerber & Eisenberg, Chicago, Ill., for trustee.

Jennifer A. Murphy, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., and David A. Bryan, Wasserman, Bryan, Landry & Honold, Toledo, Ohio, for Mid American Nat. Bank and Trust Co.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on a motion to strike the first affirmative defense of defendant, Mid American National Bank and Trust Company (the "Bank"), filed by Thomas E. Raleigh, (the "Trustee"), as trustee of the estate of the Debtor, William J. Stoecker ("Stoecker"), pursuant to Federal Rule of Civil Procedure 12(f) and (h)(2) incorporated by reference in Federal Rule of Bankruptcy Procedure 7012(b). For the reasons set forth herein, the Court hereby grants the motion to strike.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Rule 2.33(a) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (O).

### II. FACTS AND BACKGROUND

The Trustee filed the instant adversary proceeding on March 11, 1991, seeking to recover $305,000.00 in transfers made to the Bank by Stoecker as a preference pursuant to 11 U.S.C. § 547(b). Many of the relevant facts are not in dispute. On May 31, 1988, Stoecker borrowed $3,000,000.00 from the Bank secured by $3,000,000.00 invested in certificates of deposit held by the Bank. The Bank alleges that Stoecker published materially false and misleading financial statements in order to induce the Bank to release to Stoecker approximately $1,500,000.00 in November 1988, from the certificates of deposit. Thus, the Bank's loan then became undersecured.

Thereafter, on December 8, 1988, Stoecker wire transferred $230,000.00 to the Bank to pay principal on the $3,000,000.00 loan. Subsequently, on December 20, 1988, Stoecker wire transferred another $75,-000.00 to the Bank to pay principal and interest on the loan. The Trustee argues that these two transfers to the Bank totaling $305,000.00 were property of Stoecker; were transferred to the Bank for or on

account of an antecedent debt; were made while Stoecker was insolvent; were made in the ninety day period prior to the filing of the bankruptcy petition; and enabled the Bank to receive more than it would receive on its unsecured claim under Chapter 7 if the transfers had not been made.

In its answer to the complaint, the Bank asserts six affirmative defenses. It invokes the doctrine of recoupment as its first affirmative defense arguing that "the transfers alleged in the complaint to be preferential arise out of the same transaction in which [the Bank] was defrauded by [Stoecker] and preferential nature of the transfers, if any, are the direct result of such fraud...."

The Trustee maintains as a matter of law, that the doctrine of recoupment is not a meritorious defense to the preference action because it is not one of the statutory defenses enumerated under section 547(c). Second, the Trustee contends that the "same transaction" requirement of the recoupment defense is not met because the action to avoid the December 1988 payments made by Stoecker, to the Bank, is not the same transaction as his prior allegedly fraudulent misrepresentations made to the Bank. Third, as a matter of procedure, the Trustee argues that the motion is timely and appropriate under the applicable Rules.

The Bank counters that under the facts, 11 U.S.C. § 105(a), and policy considerations, it is equitably appropriate to assert and maintain the defense of recoupment although it is not one of the statutory exceptions contained within section 547(c). Next, the Bank asserts that the "same transaction" requirement of the defense is met because, but for Stoecker's alleged fraud, it would not have released some of its collateral to him and he thereafter would not have made the transfers back to the Bank. Lastly, the Bank argues that the motion is untimely under Rule 12(f), is not favored as a matter of law, and because the Trustee has not shown prejudice to his case by the assertion of the defense, the motion should be denied. The Court will first address the third procedural issue before discussing the first two substantive contentions of the parties.

## III. STANDARDS AND CONTROLLING AUTHORITIES

### A. *FEDERAL RULE OF CIVIL PROCEDURE 12(f) AND 12(h)*

■ Rule 8(c) of the Federal Rules of Civil Procedure requires that a responsive pleading must set forth certain enumerated affirmative defenses and "any other matter constituting an avoidance or affirmative defense." The proper procedure by which a plaintiff may challenge an affirmative defense is through a motion to strike. *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736–737 (N.D.Ill.1982).

Federal Rule of Bankruptcy Procedure 7012(b) provides that Federal Rule of Civil Procedure 12(b)–(h) applies in adversary proceedings. Rule 12(f) provides:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(f).

■ A motion to strike should be made by a party before responding to the pleading containing the challenged matter, or within twenty days after the pleading has been served if the pleading is one to which no responsive pleading is permitted. While Rule 12(f) provides that a motion to strike must be made within twenty days, it "gives unrestricted authority to the district court to strike 'insufficient defenses'." *United States v. 416.81 Acres of Land*, 514 F.2d 627, 630 n. 3 (7th Cir.1975). A court has authority to consider a plaintiff's motion even though it was not made within the time limits established by Rule 12(f). *Go-Tane Service Stations, Inc. v. Ashland Oil, Inc.*, 508 F.Supp. 200, 201–202 n. 2 (N.D.Ill.1981); *Lunsford v. United States*,

570 F.2d 221, 227 n. 11 (8th Cir.1977). As Wright and Miller have stated:

> In the case of a challenge to the sufficiency of a defense, whether it is advanced in a timely or untimely pre-answer motion under Rule 12(f), or is incorporated in the answer, or is made in a simultaneous motion to strike, probably is of little practical importance. This is because Rule 12(h)(2) permits an "objection of failure to state a legal defense" to be asserted "by motion for judgment on the pleadings, or at the trial on the merits," which provides a method for attack even if the time for moving to strike under Rule 12(f) has expired.

5A Wright & Miller, *Federal Practice and Procedure*, § 1380 at 654 (1990). Therefore, the Court finds the Trustee's motion timely.

The grounds contained in Rule 12(f) are not mutually exclusive and somewhat overlap. The criteria for Rule 12(f) motions is strikingly similar to those under Rule 12(b)(6). A motion under Rule 12(f) to strike portions of a responsive pleading serves the limited purpose of excluding irrelevant material from pending litigation. Issues that are raised in a responsive pleading which are not, in fact, responsive to the plaintiff's cause of action need not be allowed to complicate and impede the progress of pretrial discovery. *See generally* 5A Wright and A. Miller, *Federal Practice and Procedure* § 1380 (1990). In the Seventh Circuit, vague allegations that seek to raise defenses of dubious legal merit are subject to being stricken for "indefiniteness." *See United States v. 416.81 Acres of Land*, 514 F.2d at 629–632.

Motions to strike are not favored, and are not ordinarily granted unless the language in the pleading at issue both has no possible relation to the controversy and is clearly prejudicial. *Lirtzman v. Spiegel, Inc.*, 493 F.Supp. 1029, 1031 (N.D.Ill.1980); *Garza v. Chicago Health Clubs, Inc.*, 347 F.Supp. 955, 962 (N.D.Ill.). Before a motion to strike can be granted, the Court must instead "be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that

under no set of circumstances could the defense succeed." *Lirtzman v. Spiegel*, 493 F.Supp. at 1031 quoting *Systems Corp. v. American Telephone & Telegraph Co.*, 60 F.R.D. 692, 694 (S.D.N.Y.1973). Thus, "to the extent assertions that are labeled 'defenses' put into issue relevant and substantial legal and factual questions, they are 'sufficient' and may survive a motion to strike even if they might not totally bar the plaintiff's claim." (citations omitted) *Donovan v. Robbins*, 99 F.R.D. 593, 596 (N.D.Ill.1983). A motion to strike will ordinarily be denied where the allegations under attack are of such a character that their sufficiency should not be determined summarily, but should be decided only after a hearing or decision on the merits. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

## B. THE DOCTRINE OF RECOUPMENT

Under the doctrine of recoupment, a defendant can meet a plaintiff's claim with a countervailing claim that arose out of the same transaction as the plaintiff's claim or cause of action, for the purpose of abatement or reduction of such claim. *In re Klingberg Schools*, 68 B.R. 173, 178 (N.D.Ill.1986), *aff'd*, 837 F.2d 763 (7th Cir.1988); *see also In re Davidovich*, 901 F.2d 1533, 1537 (10th Cir.1990); *In re Rooster, Inc.*, 127 B.R. 560, 567 (Bankr. E.D.Pa.1991). "[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) quoting *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935). "[J]ustification for the recoupment doctrine is that where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation...." *Id.* citing *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir.1984). That court further noted that where a setoff right is being asserted, section 553, rather than section 547, governs the creditor's rights.

*Id.* at 873 n. 4. Recoupment is allowed only when there are countervailing claims between the plaintiff and the defendant. *See e.g., In re Holford,* 896 F.2d 176 (5th Cir.1990); *In re Davidovich,* 901 F.2d 1533 (10th Cir.1990); *In re Jones,* 122 B.R. 246 (W.D.Pa.1990); *In re Hiler,* 99 B.R. 238 (Bankr.D.N.J.1989). Recoupment is an equitable doctrine that "should be narrowly construed as an exception to the general rule against preferring one creditor over another." *Electronic Metal Products, Inc. v. Honeywell, Inc.,* 95 B.R. 768, 770 (D.Colo.1989) (reversed bankruptcy court's application of recoupment as defense to a preference action).

▮ Recoupment is similar in concept to setoff, but more limited in its application. Two limitations on the doctrine of recoupment exist. First, the claims must arise from a single contract or transaction. *In re American Sunlake Ltd. Partnership,* 109 B.R. 727, 730 (Bankr.W.D.Mich. 1989); *In re Sluss,* 107 B.R. 599, 602 (Bankr.E.D.Tenn.1989); *In re Fiero Production, Inc.,* 102 B.R. 581, 586 (Bankr. W.D.Tex.1989); *In re Boyd,* 96 B.R. 694, 695 (Bankr.N.D.Tex.1989); *In re Denby Stores, Inc.,* 86 B.R. 768, 782 (Bankr. S.D.N.Y.1988). This point is conceded by the Bank. The second limitation on the doctrine is that there must be some type of "overpayment", whether accidentally made or contractually made. *In re B & L Oil Co.,* 782 F.2d 155 (10th Cir.1986); *In re Public Service Co.,* 107 B.R. 441, 445 (Bankr.D.N.H.1989); *Waldschmidt v. CBS, Inc.,* 14 B.R. 309 (M.D.Tenn.1981). In most cases involving the doctrine of recoupment, the policy behind and setoff provisions of section 553 were involved, not the preference avoidance powers of section 547.

## IV. DISCUSSION

The Court finds that the doctrine of recoupment is not applicable to the matter at bar. Recoupment is merely the doctrine of setoff applied when the creditor's claim against the debtor and the debtor's claim against the creditor arise out of the same transaction. In the instant matter, Stoecker (or the Trustee standing in his shoes) did not have any claims against the Bank at the time the Bank received the $305,000.00 in loan payments during the ninety days preceding the filing of the bankruptcy petition. The Trustee is not asserting any contractual right or tort claim against the Bank. The Trustee's separate statutory preference action against the Bank and the Bank's claim against Stoecker do not arise from a single transaction or contract. Rather, the Trustee seeks to avoid and recover two payments made by Stoecker in December 1988, after the Bank became undersecured the prior month when it released collateral to him as a result of his alleged fraud. Recoupment provides for the just apportionment of liability relative to a dispute regarding a singular transaction. Contrary to the Bank's conclusion, the undisputed facts here reveal several transactions. The Court declines the Bank's implicit suggestion to "step together" all these facts into one and the "same transaction." Hence, the doctrine of recoupment is inapplicable.

▮ The principal dispute concerns the issue of whether or not recoupment is a viable defense to the merits of a preference avoidance action under section 547(b), even though recoupment is not one of the statutory defenses listed under section 547(c)(1)–(7). Although threshold challenges on issues such as lack of in personam jurisdiction, service of process, standing, and the like, can be raised by preference defendants, same are not defenses on the merits of the subject transfers involved in preference litigation. Several courts have held that the substantive exceptions outlined in section 547(c) not involving such threshold defenses are exclusive. *See In re Sterling Die Casting Co.,* 118 B.R. 205, 207 (Bankr. E.D.N.Y.1990); *In re Western World Funding, Inc.,* 54 B.R. 470, 478 (Bankr. D.Nev.1985); *In re Pulaski Highway Express, Inc.,* 41 B.R. 305, 310 n. 9 (Bankr. M.D.Tenn.1984); *In re Candor Diamond Corp.,* 26 B.R. 850, 851 (Bankr. S.D.N.Y.1983). The Court finds these authorities persuasive and declines to broaden the exceptions under section 547(c) on the merits and substance of an otherwise avoidable preference to include the defense

of recoupment. One court has held that setoff is not a proper defense to a preference action because its application would defeat the nature of a preference action to achieve equitable distribution of the bankruptcy estate. *In re Cavalier Homes of Georgia, Inc.*, 102 B.R. 878, 890 (Bankr. M.D.Ga.1989). This holding is equally compelling in the case at bar because in essence, recoupment is merely the setoff defense as limited by the same transaction requirement.

Additionally, under the rules of statutory construction, when Congress enumerates exceptions to a general prohibition, additional exceptions are not to be implied, absent evidence of a contrary legislative intent. *Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616–617, 100 S.Ct. 1905, 1910–11, 64 L.Ed.2d 548 (1980). The Court declines the Bank's invitation to use section 105(a) as the statutory basis for applying the doctrine of recoupment. Proper exercise of the Court's equitable powers is limited by those contained with the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988).

Another critical flaw in the Bank's argument is its reliance on Stoecker's alleged fraud "but for" which it would not have released part of its collateral, thus creating the potential for the subsequent repayments by Stoecker sought to be avoided. Fraud is neither an element of proof in a prima facie preference avoidance action under section 547(b), nor any one of the statutory defenses to the merits of a preference action under section 547(c)(1)–(7). Proof of Stoecker's actual or constructive fraud or the Bank's good faith in accepting the payments after releasing some of the collateral is simply irrelevant and immaterial in preference actions, unlike the law on fraudulent transfer avoidance actions brought under sections 548 and 544(b). In the latter, the policy is that a debtor should not be allowed to engage in pre-petition property transfers motivated by fraud to deprive creditors of property from which creditors' claims can be satisfied. *See* H.Rep. No. 595, 95th Cong., 1st Sess. 375 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 89–90 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Distinct therefrom are preference actions which seek to satisfy the Congressional policies of equal treatment of all creditors of the same priority, and that the assets of debtors' estates should not be dismembered by preferred creditors on the relative eve of bankruptcy who grab or receive available assets to the exclusion of other creditors of the same priority. *See* H.Rep. No. 595, 95th Cong., 1st Sess. 177–178 (1977). Thus, the Bank's arguments that it would not have received the alleged preferential transfers but for Stoecker's claimed fraud, are both insufficient and irrelevant as a matter of law. That the Bank, acting in good faith, may have been a victim of fraud is no defense to the fact that it received the subject payments to the exclusion of Stoecker's other unsecured creditors.

## V. CONCLUSION

For the reasons set forth herein, the Trustee's motion to strike the first affirmative defense of the Bank is hereby granted.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.