**In re KMART CORPORATION, et al., Debtors.**

**Kmart Corporation, Plaintiff,**

v.

**Uniden America Corporation, Defendant.**

**Bankruptcy No. 02 B 2474.
Adversary No. 03 A 1818.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

July 7, 2004.

William J. Barrett, Barack, Ferrazzano, Kirschbaum, Perlman & Nagelberg, LLC, Chicago, IL, for Kmart Corporation.

Douglas J. Lipke, Eric S. Prezant, Vedder, Price, Kaufman & Kammholz, P.C., Chicago, IL, for Uniden America Corporation.

## MEMORANDUM OPINION

SUSAN PIERSON SONDERBY, Bankruptcy Judge.

This matter comes before the court on the motion of the plaintiff Kmart Corporation to Strike and/or for Judgment on the Pleadings with Respect to Certain Affirmative Defenses. For the reasons stated herein, the motion is granted in part and denied in part.

## I. BACKGROUND

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a), 28 U.S.C. § 1334, and Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Venue lies in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

On January 22, 2002 (the "Petition Date"), Kmart Corporation and thirty-seven affiliates filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Code"). On May 2, 2003, Kmart Corporation ("Kmart") filed an adversary complaint against Uniden America Corporation ("Uniden") seeking to recover $5,666,485 in transfers made to Uniden within the 90 days preceding the Petition Date pursuant to sections 547 and 550 of the Code. Uniden filed an answer and eleven affirmative defenses on July 1, 2003. On January 8, 2004, Kmart filed a Motion to Strike and/or for Judgment on the Pleadings With Respect to Certain Affirmative Defenses.

## II. DISCUSSION

### A. *Standards on a Motion to Strike Affirmative Defenses*

■ Rule 8(c) of the Federal Rules of Civil Procedure, which is made applicable herein by Federal Bankruptcy Rule 7008(a), requires a party to set forth affirmative defenses in a responsive pleading. An affirmative defense is not a simple denial of the allegations of the complaint. *Van Schouwen v. Connaught Corp.*, 782 F.Supp. 1240, 1246 (N.D.Ill.1991). Rather,

when asserting an affirmative defense, the defendant is essentially admitting the allegations of the complaint, but pleading some reason extraneous to the plaintiff's *prima facie* case that would excuse or exculpate the defendant from liability. *Id.; In re National Lumber and Supply, Inc.,* 184 B.R. 74, 77 (9th Cir. BAP 1995).

■ Because they are pleadings, affirmative defenses are subject to being stricken. Motions to strike affirmative defenses are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which is made applicable herein by Federal Bankruptcy Rule 7012(b). That rule provides:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

■ Kmart's motion to strike is untimely, as it was filed beyond the deadline. Rule 12(f), however, permits a court, in its discretion and on its own initiative, to strike defenses at any time. Accordingly, although the motion is untimely, the court has authority to and will consider striking the questioned defenses. *See Williams v. Jader Fuel Co., Inc.,* 944 F.2d 1388, 1399 (7th Cir.1991), *cert. denied* 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 228 (1992); *Stafford v. Connecticut Gen. Life Ins. Co.,* 1996 WL 197677, *1 (N.D.Ill. April 22, 1996); *Continental Illinois Nat. Bank and Trust Co. of Chicago v. Indemnity Ins. Co. of North America,* 1990 WL 133216, *2 (N.D.Ill. Sept. 11, 1990)(relying on the need to construe federal rules of civil procedure to secure the just, speedy and inexpensive determination of every action and

finding it inefficient to allow a legally insufficient defense to stand, the court considered an untimely motion to strike).

■ Motions to strike are disfavored, sparingly used, and should not be granted unless "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, ... and are inferable from the pleadings." *Williams* 944 F.2d at 1400 (citations omitted). In other words, before granting a motion to strike an affirmative defense, "the court must 'be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *Codest Engineering v. Hyatt Intern. Corp.,* 954 F.Supp. 1224, 1228 (N.D.Ill.1996)(*quoting Lirtzman v. Spiegel, Inc.,* 493 F.Supp. 1029, 1031 (N.D.Ill.1980)).

■ The examination of affirmative defenses on a motion to strike, essentially involves three considerations, *i.e.,* whether the matter is appropriately plead as an affirmative defense, whether the defense is adequately plead under the requirements of Rules 8 and 9, and the legal sufficiency of the defense. *Franklin Capital Corp. v. Baker & Taylor Entertainment, Inc.,* 2000 WL 1222043, *2 (N.D.Ill. Aug. 22, 2000)(*citing Bobbitt v. Victorian House, Inc.,* 532 F.Supp. 734, 737 (N.D.Ill.1982)).

■ A matter is not appropriately plead as an affirmative defense if it is a denial of an element of the *prima facie* case. *See Bobbitt,* 532 F.Supp. at 736 (*citing* 2A Moore's Federal Practice ¶ 8.27(3) at 8–251 and 5 Wright and Miller, Federal Practice and Procedure § 278 at 351–52). An affirmative defense that is really a denial of an element of the plaintiff's case is said to be mislabeled or mistakenly titled. *See, Id.* It is understandable that cautious pleaders sometimes mislabel de-

fenses, given the potential for waiver of a defense that is not asserted in a responsive pleading. Under these circumstances, the benefit should be given to the cautious pleader and the mistaken labeling will usually be excused. *Id.*

■ An affirmative defense is *inadequately* plead if it fails to satisfy the federal notice pleading requirements. Under Rules 8 and 9, a pleader must state his defense in short and plain terms, and if the defense is grounded in fraud or mistake, the circumstances constituting the fraud or mistake must be stated with particularity. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989)

■ In this circuit, "bare-bones," conclusory allegations do not meet the pleading requirements. *Id.* "It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula—like fashion ('laches,' 'estoppel,' 'statute of limitations,' or what have you), for that does not do the job of apprising opposing counsel and this court of the predicate for the claimed defense—which after all is the goal of notice pleading." *State Farm Mut. Auto. Ins. Co. v. Riley,* 199 F.R.D. 276, 279 (N.D.Ill.2001).

■ Even if an affirmative defense is appropriately and adequately plead, it may still be stricken for lack of legal sufficiency. The legal sufficiency of an affirmative defense is gauged under the same standards as a motion to dismiss a complaint pursuant to Rule 12(b)(6). *Franklin Capital,* 2000 WL 1222043, *2. That is, the defense will be stricken as legally insufficient, "[i]f it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint ..." *Id.,* (*citing Bobbitt,* 532 F.Supp. at 737).

The sufficiency of the defense turns, at least in part, on the substance of the cause of action it seeks to defeat. The complaint here seeks the recovery of transfers from Uniden that Kmart asserts are preferential under section 547 of the Code. Section 547(b) of the Code empowers the trustee to,

avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The trustee's power to avoid any transfer that meets the stated requirements is limited by section 547(c) of the Code, which sets forth a number of exceptions to that avoidance power. For example, the trustee may not avoid a transfer to the extent that the transfer was intended by the debtor and the creditor to be a contemporaneous exchange for new value given to the debtor and in fact was a substantially contemporaneous exchange. 11 U.S.C. § 547(c)(1). Section 547(b) thus es-

tablishes the scope of the trustee's avoidance powers relating to preferences and section 547(c) limits that power by enumerating specific exceptions to it.[1]

Those enumerated exceptions are typically brought as and considered affirmative defenses to the preference complaint. *See National Lumber,* 184 B.R. at 77–78 (because the 547(c) preference exceptions do not negate the *prima facie* case, but raise matters extraneous thereto, they should be considered affirmative defenses). Many courts, including this one, have held that the enumerated 547(c) preference exceptions are the exclusive defenses to liability for an otherwise avoidable preferential transfer. *In re Intrastate Elec. Services, Inc.,* 2000 WL 1346696, *5 (Bankr.N.D.Ill. September 8, 2000)(*citing,* among other cases, *In re Stoecker,* 131 B.R. 979, 983 (Bankr.N.D.Ill.1991)), *contra In re Philip Services (Delaware), Inc.,* 267 B.R. 62, 70–71 (Bankr.D.Del.2001). "The rationale is that under rules of statutory construction, where Congress enumerates exceptions to a general prohibition, additional exceptions are not to be implied, absent a contrary legislative intent." *Intrastate,* 2000 WL 1346696, *5 (citations omitted).

 Such a holding, however, should not be construed to preclude the assertion of those types of affirmative defenses that are referred to by Judge Squires in *Stoecker* as "threshold challenges." Threshold defenses are those defenses that would bar recovery, before even opening the door to consider the substantive nature of the claim. Examples of threshold defenses include, "lack of in personam jurisdiction, service of process, standing, and

the like." *Stoecker,* 131 B.R. at 983. This court adopts the reasoning of *Stoecker* and concludes that the only defenses to the substance and merits of a preference action available to a defendant are those enumerated in the Code.

### B. *Uniden's Affirmative Defenses*

The defenses subject to this motion were plead by Uniden as follows:

#### Third Affirmative Defense

The Debtors' claims against Uniden are barred under the doctrine of unclean hands.

#### Fourth Affirmative Defense

The Debtors' claims against Uniden are barred under the doctrine of waiver.

#### Sixth Affirmative Defense

The Debtors' claims against Uniden are barred by the Debtors' fraud upon its trade creditors, including, without limitation, the Debtors' intentional and willful attempts to withhold and delay payments and to otherwise engage in deceptive acts and misrepresentations to forestall payments to trade creditors through an undisclosed program known as "Project Slow it Down" or "Project SID."

#### Seventh Affirmative Defense

The Debtors' claims against Uniden are barred under the doctrine of equitable estoppel.

#### Eight Affirmative Defense

The Debtors' claims against Uniden are barred for improper venue.

#### Eleventh Affirmative Defense

To the extent that any transfers to Uniden are deemed to be preferential, such

---

1. Another limitation on the avoidance power can be found in section 550(a) of the Code, which has been construed to prohibit the trustee from bringing avoidance actions, including preference avoidance actions, that do not

benefit the estate. *See In re Kmart Corp.,* 310 B.R. 107, 126 (Bankr.N.D.Ill.2004)(*citing Matter of P.A. Bergner & Co.,* 140 F.3d 1111, 1117 (7th Cir.1998)).

transfers are subject to, and Uniden hereby asserts, its rights of setoff and/or recoupment.

 The eighth defense of improper venue is a threshold defense. If venue is indeed improper, the ability of Kmart to recover the alleged preferential transfers would be barred, at least in this court. Venue of this adversary proceeding, however, is properly in this court where the underlying bankruptcy cases are pending. 28 U.S.C. § 1409(a). Accordingly, Uniden's eighth affirmative defense of improper venue is stricken as being patently defective and incapable of succeeding under any circumstances. *See F.T.C. v. Bay Area Business Council, Inc.*, 2003 WL 21003711, *2 (N.D.Ill. May 1, 2003)(court struck improper venue defense in light of applicable venue statute).

██ The court concludes that Uniden's waiver and equitable estoppel defenses should be counted among those considered as threshold defenses. In addressing the similarities between waiver and equitable estoppel, the Seventh Circuit stated,

> Recently, . . . we had occasion to discuss the principles of waiver and estoppel. Waiver, we pointed out, focuses on intent. If an individual intentionally relinquishes a known right, either expressly or by conduct inconsistent with an intent to enforce that right, he has waived it. Estoppel, on the other hand, focuses on the effects of the conduct of the obligee. It arises when a party's conduct mis-

leads another into believing that a right will not be enforced and causes the other party to act to his detriment in reliance upon this belief.

*J.H. Cohn & Co. v. American Appraisal Associates, Inc.*, 628 F.2d 994, 1000 (7th Cir.1980) (citations omitted). It is conceivable that the right to bring the preference complaint may have been waived. Likewise, it is possible that misleading conduct on the part of the holder of the right to bring a preference action, which was detrimentally relied upon by the potential preference defendant, may work to estop enforcement of the preference recovery right. Under both scenarios, the right of recovery would be barred before even getting to the substance of the preference claim.

██ Thus, the waiver and equitable defenses are threshold challenges available to Uniden. Accordingly, the court will not strike Uniden's fourth and seventh defenses on the grounds of legal insufficiency. Those defenses will be stricken, however, because as presently stated in the pleading, they are conclusory, bare-bones allegations and thus fail even under the liberal pleading requirements of Rule 8. Because the deficiency is a technical one and there is no asserted prejudice to Kmart, Uniden is given leave to amend those defenses.[2]

██ Numerous courts have held that the defenses of setoff and/or recoupment are not legally sufficient defenses to a preference complaint. *See Stoecker*, 131

---

**2.** In its brief, Uniden predicates its waiver and equitable estoppel arguments on provisions in Kmart's plan of reorganization and circumstances leading up to confirmation of that plan. Without getting into too much detail here, the plan contained a provision wherein Kmart waived, subject to certain exceptions, avoidance claims. *See generally Kmart Corp.*, 310 B.R. 107. Of course, the court will not opine on whether or not those defenses will ultimately prove successful for

Uniden here nor will the court limit Uniden to its factual predicate if and when it repleads. The court simply notes that it has had occasion to touch on the issues of waiver and equitable estoppel *vis-a-vis* the plan provisions and confirmation process in a previous opinion relating to arguments concerning a *res judicata* defense. As stated in the *Kmart* opinion, the arguments raised therein are somewhat related to equitable estoppel and waiver. *Id.*

B.R. at 983 and cases cited therein. Prior to the petition date in *Stoecker*, a bank's loan to the debtor was fully secured by certificates of deposit. The bank argued that the debtor fraudulently, through the use of materially false and misleading financial statements, convinced the bank to release a large sum of money from the CD's to the debtor, thus causing the bank to become partially unsecured. The debtor subsequently paid down a portion of the loan with two payments made to the bank within 90 days of the bankruptcy filing. After the bankruptcy case was filed, the trustee sought to recover those payments as preferential transfers. In response to the preference complaint, the bank asserted that the preferential transfers arose out of the same transaction in which the bank was defrauded by the debtor. In other words, "but for [the debtor's] alleged fraud, [the bank] would not have released some its collateral to [the debtor] and [the debtor] thereafter would not have made the transfers back to the bank."

The court rejected that recoupment defense (and the related setoff defense) on two grounds. First, as a substantive matter, there was no way for the defense to succeed given that the trustee's statutory claim against the bank and the bank's claim against the debtor did not arise from the same transaction. Second, the court held that the recoupment and setoff defenses were not among the enumerated substantive 547(c) defenses exclusively available to preference defendants.[3] The court refused to "broaden the exceptions under section 547(c) on the merits and substance of an otherwise avoidable preference to include the defense of recoupment." *Id.* at 983–84.

In reaching its decision, the court noted another "critical flaw" in the bank's argument. The bank incorrectly relied on the debtor's alleged fraud absent which the bank would not have released the funds, and thus become unsecured and vulnerable to a preference complaint. To the court, "[f]raud is neither an element of proof on a prima facie preference avoidance action under section 547(b)," nor one of the enumerated defenses to the merits of such an action. *Id.* at 984. Further, "proof of [the debtor's] actual or constructive fraud or the Bank's good faith in accepting the payments after releasing some of the collateral is simply irrelevant and immaterial in preference actions, unlike the law on fraudulent transfer actions brought under sections 548 and 544(b)." *Id.* Unlike a fraudulent transfer avoidance action, the express congressional policy of preference actions is to achieve equal treatment of all creditors of the same priority, and thus undo the effects of asset grabs on the eve of bankruptcy. "Thus, the Bank's arguments that it would not have received the alleged preferential transfers but for [the debtor's] claimed fraud, are both insufficient and irrelevant as a matter of law. That the Bank, acting in good faith, may have been a victim of fraud is no defense to the fact that it received the subject payments to the exclusion of [the debtor's] other unsecured creditors." *Id.*

The reasoning in *Stoecker* is persuasive. Setoff or recoupment is not a legally sufficient defense to a preference action that would bar recovery of a preference claim. They are not among the enumerated exceptions and are contrary to the purpose of empowering the trustee to recover preferences. Moreover, they are not threshold defenses because they would necessarily

---

**3.** By striking the defense, the court implicitly held that the setoff/recoupment defense did

not qualify as a threshold defense.

require an analysis of whether the preference claim and the claim the defendant seeks to setoff or recoup against it arose from the same transaction. Accordingly, Uniden's eleventh affirmative defense of setoff and/or recoupment is stricken without leave to replead.

Uniden, in supporting its fraud and unclean hands defenses, is essentially arguing the same thing as the bank did in *Stoecker.* To Uniden, but for the fraud allegedly perpetrated by Kmart in the months just preceding the bankruptcy filing in connection with a deliberate corporate policy fittingly named "Project Slow it Down," Uniden would not have been in the position of defending a preference complaint. Because of that purported fraud, which effectively soiled Kmart's hands, the recovery of the preferential transfers should be barred. Even assuming Uniden was a victim of fraud and/or bad faith [4] on the part of Kmart, the purportedly malicious intent of Kmart in making the alleged preferential transfers, which may somehow be related to Project Slow it Down, is immaterial to whether those transfers are recoverable. The quality of the preference transferor or recipient's faith is also immaterial. Accordingly, Uniden's third and sixth affirmative defenses are legally insufficient and are therefore stricken without leave to replead.

### C. *Judgment on the Pleadings*

Fearing that its untimely motion to strike would not be considered, Kmart alternatively requested the entry of judgment on the pleadings pursuant to Rule 12(c). Rule 12(c) allows for the entry of a judgment at the close of pleadings. Although it is recognized that Rule 12(c) can serve as an "auxiliary device" to raise pro-

cedural pleading defects, the rule is customarily invoked when there are no issues of disputed fact and movant is entitled to judgment on its *prima facie* case at the close of pleadings. *Alexander v. City of Chicago,* 994 F.2d 333, 336 (7th Cir.1993). Under its customary application, a Rule 12(c) motion is treated like a summary judgment motion and should be granted "only if on the admitted facts the moving party is clearly entitled to judgment." 10 COLLIER ON BANKRUPTCY ¶ 7012.5 (Alan H. Resnick & Henry J. Sommer eds., 15th ed. rev.). Here, the pleading deficiencies have been addressed in the context of the motion to strike. In addition, Uniden expressly denied the allegations essential to Kmart's *prima facie* case and has raised a number of the preference exceptions as affirmative defenses. As such, there are issues of fact and Kmart is not entitled to judgment on the pleadings.

### III. CONCLUSION

For the reasons stated, the motion to strike the Uniden defenses is granted. The third, fourth, sixth, seventh, eighth and eleventh defenses are stricken. Uniden is given leave to amend its fourth and seventh defenses. Kmart's alternative request for judgment on the pleadings pursuant to Rule 12(c) is denied.

---

4. The equitable defense of unclean hands essentially boils down to an allegation of bad faith. *Franklin,* 2000 WL 1222043, *4.