**Vada Malone SOUTH, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

v.

**Martha S. WADLINGTON, Additional Party Defendant to Counterclaim for Interpleader.**

**No. WC645.**

United States District Court
N. D. Mississippi, W. D.

Dec. 20, 1965.

Anthony T. Farese, Ashland, Miss., Thomas R. Ethridge, Ethridge & Grisham, Oxford, Miss., for plaintiff.

H. M. Ray U. S. Atty., Oxford, Miss., for defendant.

Henry L. Klein, Winchester, Goff, Winchester & Walsh, Memphis, Tenn., for Martha S. Wadlington.

CLAYTON, District Judge.

During her lifetime, Mrs. Vada Malone South filed this suit to obtain the proceeds of two policies of National Service Life Insurance issued on the life of her deceased son, Willie L. South, while he was in the service. The ex-wife of the insured, who had been found to be the named beneficiary in each of said

policies by the Administrator of Veterans Affairs, was joined as a party (additional party defendant).

Mrs. South died and a motion under Rule 25(a), Federal Rules of Civil Procedure, for substitution of her personal representatives as parties plaintiff with objections thereto by the ex-wife of the decedent are before the court on briefs.

Principal contentions of the objecting ex-wife are that the policies were not payable in lump sums, and thus that at the death of Mrs. South (even if her claim was valid—which is denied) the unpaid proceeds of the policies would be payable not to her estate, but to the estate of the insured. 38 U.S.C. § 717(d). Hence, she says that movants in no event could now recover anything in this suit and are therefore not proper parties and hence the motion for substitution should be denied and overruled. For the same reasons, she asks, as a part of her submission on this aspect of the case, for dismissal of the action.

These objections overlook the fact that if the claim of Mrs. South were held to be valid, she would have been entitled to receive during her lifetime installment payments due under these policies from at least the date on which her protest to the decision of the Administrator was filed, to the date of her death, and possibly for the entire period from the date of the death of her insured son to the date of her own death. Regardless of the disposition to be made of the balance of the proceeds, if the claim of Mrs. South should be upheld, the sum of the installments due before her death would be an asset of her estate. These circumstances give her representatives an interest in this litigation which entitles them to substitution as parties plaintiff.

The motion for substitution is thus well taken. The objections thereto and motion to dismiss bear on the merits of the case and are now prematurely presented. It may be that Mrs. South's claim is without merit, but this court will not at this time decide that question.

An order will be entered allowing the substitution, but without prejudice to the rights of the objecting additional party defendant to move for summary judgment or to follow any other appropriate procedure.