374

Terry SOUTH, Sr., Executor, and Mary L. Clark, Executrix, of the Estate of Vada Malone South, Plaintiffs,

v.

UNITED STATES of America, Defendant,

v.

Martha S. WADLINGTON and Bobbie Ray South, Additional Party Defendants to Counterclaim for Interpleader.

No. WC645.

United States District Court
N. D. Mississippi, W. D.
June 30, 1966.

Anthony T. Farese, Ashland, Miss., Ethridge & Grisham, Oxford, Miss., for plaintiffs.

H. M. Ray, U. S. Atty., Oxford, Miss., Winchester, Goff, Winchester & Walsh, Memphis, Tenn., for defendants.

## MEMORANDUM OPINION

CLAYTON, Chief Judge.

In this action, which was brought pursuant to 38 U.S.C. § 784, the original plaintiff sought to recover from the United States the proceeds of a matured policy of National Service Life Insurance, of which she was the alleged beneficiary. The government interpleaded a third party to whom partial payment of the proceeds had been made following a determination by the Veterans Administration that the third party was the true beneficiary.

Pending action in this court, the original plaintiff died and the representatives of her estate moved for their substitution as parties plaintiff pursuant to Rule 25(a), Federal Rules of Civil Procedure. The additional party defendant to whom the partial payment had been made objected to the substitution and thereby sought to litigate the merits of the claim. Regarding this procedure as premature, the court sustained the motion for substitution "without prejudice to the rights of the objecting additional party defendant to move for summary judgment or to follow any other appropriate procedure." South v. United States, 39 F.R.D. 353 (N.D.Miss.1965).

The government took no part in making or arguing the motion, but it now appears that it was displeased at the result. A motion has been filed by the United States entitled simply "Motion To Strike." The text of the motion reads "Comes now the United States of America by and through its attorney * *, and moves this Court to strike as parties plaintiff Terry South, Sr. and Mary L. Clark, executor and executrix respectively of the estate of Mrs. Vada Malone South." The motion is obviously defective on its face for failure to comply with the requirement of Rule 7(b) (1), Federal Rules of Civil Procedure, that a motion "shall state with particularity the grounds therefor * * *." Such a defect might be more easily overlooked in the case of a readily identifiable motion but the excessive brevity of the instant motion has caused some difficulty. The court is unaware of any Rule which provides for a motion to strike a party.

Rule 12(f), Federal Rules of Civil Procedure, governs motions to strike and reads as follows:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

A party, as opposed to an improper allegation in a pleading, can hardly be considered redundant, immaterial, impertinent or scandalous within the meaning of the Rule.

As was later revealed by the government's brief, the instant motion and the earlier opposition to the motion for substitution both depended upon the same facts and the same legal principles. At least one material fact is dehors the record and its existence is evidenced only by an affidavit of an officer of the government, filed by the additional party defendant in opposition to the motion for substitution. At that time the plaintiffs expressly denied the supposed fact and, so far as the court has been informed, they have not since conceded it. There may be other issues of fact upon which the government's theory depends.

A motion to strike cannot be decided on affidavits. United States v. Arnhold & S. Bleichroeder, Inc., 96 F.

Supp. 240 (S.D.N.Y.1951); 1A Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1960) § 366. Material issues of fact cannot be resolved in deciding a motion to strike, because it is directed to the face of the pleading. Augustus v. Board of Public Instruction, 306 F.2d 862 (5th Cir. 1962); Barron & Holtzoff, op. cit. § 369, at p. 507. The government's theory also presents a substantial question of law for decision, upon which only two other courts have passed. A motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law. Augustus v. Board of Public Instruction, supra; Barron & Holtzoff, op. cit. § 369, at p. 508.

■■ It has been held that a motion which, in substance, was equivalent to a motion to dismiss for failure to state a claim upon which relief could be granted, should be so treated even though it was denominated a motion to strike. Golaris v. Jewel Tea Company, 22 F.R.D. 16 (N.D.Ill.1958). And there are cases holding that the substance and not the title of a motion should be controlling. See, e. g., Andrews v. United States, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). The circumstances of that and similar cases are not present here, however. Nor is the instant motion wrongly labeled; it is in substance exactly what the title announces. A motion to strike is not an authorized or proper way to procure the dismissal of a complaint. Magnotta v. Leonard, 102 F.Supp. 593 (M.D.Pa.1952); Barron & Holtzoff, op. cit. § 366, at p. 463. But even if the court were to treat the motion as a motion to dismiss, the government could not prevail. There is no assertion that the complaint is insufficient, and the unsettled factual posture would bar relief.

■ The defendant's motion is the second premature effort to obtain an adjudication of the merits of the plaintiffs' claim. No such disposition could or will be made in the present state of the record or upon a motion such as the one now under consideration. If the defendant desires to obtain an adjudication of the merits without the necessity of going to trial there are established procedural devices by which it may attempt to do so. The present disposition of the motion to strike is in no way prejudicial to the rights of any party to invoke those remedies.

An order will be entered overruling the defendant's motion to strike.