SYSTEMS CORPORATION, Plaintiff,

v.

AMERICAN TELEPHONE & TELE-
GRAPH COMPANY et al.,
Defendants.

No. 71 Civ. 269.

United States District Court,
S. D. New York.

Sept. 28, 1973.

Joseph A. McManus, Stephen Sayer Singer, Coudert Brothers, New York City, for plaintiff.

Leonard Joseph, Harvey Kurzweil, Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for defendants.

## MEMORANDUM OPINION

PIERCE, District Judge.

This is a suit in contract and tort for damages resulting from the alleged failure of the defendant telephone companies to install facilities for a remote access data communications network.[1]

It appears that the plaintiff intended to sell a computerized text-editing service on a time sharing basis. Systems planned to provide access to its computer situated in Canada from its premises in New York City and Boston and its corporate headquarters in Greenwich, Connecticut. To this end the plaintiff sought to establish so-called multiplexing centers in the Bronx, New York, and Arlington, Mass. In order to do so, it contracted with the defendants to provide it with the necessary communication channels and facilities.[2]

Plaintiff's amended complaint contains two counts. The first count alleges that the defendants breached their agreement to install the required telephone facilities by failing to install them in operable condition. The second count claims that the defendants attempted to install and test the facilities but were grossly negligent in doing so. The complaint demands $749,393 as damages for the sums expended by Systems in preparation for the installation of the service and $29,080,200 for loss of profits and business opportunities.

In their amended answers the defendants deny liability and as affirmative defenses allege that the service and facilities provided to Systems by New York Telephone and New England Telephone are governed by limitation of liability tariff provisions filed with the appropriate state regulatory commissions. Defendant American Telephone & Telegraph similarly claims that its liability, if any, is governed by appropriate tariff provisions filed with the Federal Communications Commission. The plaintiff has moved to strike these defenses pursuant to Rule 12(f) of the F.R.Civ.P. on the grounds that the issues in this case

1. Remote access data processing service has been defined as an "offering of data processing wherein communications facilities, linking a central computer to remote customer terminals, provide a vehicle for the transmission of data between such computer and customer terminals." In the Matter of Regulatory and Policy Problems Presented by the Interdependence of Computer and Communications Services and Facilities, 28 F.C.C. 291, 296 (1970).

2. The proposed system was to operate as follows:
   (1) The customer would use its own equipment to call the multiplexing center.
   (2) The data would be transmitted over the local telephone lines to the appropriate central office of the local telephone company which would establish a connection to the called number.
   (3) From the central office the data was to be transmitted to the multiplexing center over local telephone lines.

(4) At the center the signals would be received by Data-Phone Data Sets supplied by New York Telephone or New England Telephone on Systems' premises.
(5) Upon reception of the data at Systems' premises, the data would be directed to a multiplexer (provided to the plaintiff by Timeplex, Inc., an independent consulting firm) where it would be compacted with data from other customers.
(6) The compacted data would be sent into a modem (also provided by Timeplex) to adapt it for transmission.
(7) The signals would then be switched to private line "conditioned" circuits supplied by American Telephone & Telegraph and Canadian Bell. These circuits ran from Systems' premises to Canada. ATT furnished the United States portions and Canadian Bell furnished the Canadian portion of each circuit.
(8) After the computer analyzed the data its response would be retransmitted in the reverse manner.

are determinable solely by federal law and that therefore state law defenses should be stricken.[3] The defendants oppose the motion and have in turn cross-moved for partial summary judgment pursuant to Rule 56(b) of the F.R.Civ.P. dismissing plaintiff's claim for loss of anticipated profits and business opportunities.

■■ Motions to strike defenses are not favored and will be denied "if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." 2A Moore, Federal Practice, ¶12.21 at 2437 (2d ed. 1968). Before this type of motion can be granted "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Carter-Wallace, Inc. v. Riverton Laboratories, Inc., 47 F.R.D. 366, 368 (S.D.N.Y.1969).

As has been indicated above, the defendants claim that their liability, if any, should be measured by the appropriate state tariff provisions. The plaintiff has countered that the facilities provided by the defendants were interstate and that therefore state tariff provisions are inapplicable. Systems further contends that under the holding of Ivy Broadcasting Co., Inc. v. American Telephone & Telegraph Co., 391 F.2d 486 (2d Cir. 1968) its claims for breach of contract and negligence in the rendition of interstate services are governed by federal common law.

■ Whether the facilities and service supplied to the plaintiff by the defendants herein were interstate and governed by federal law or intrastate and governed by state regulations is not free from doubt and in the Court's opinion presents substantial issues which ought not to be decided on a motion to strike. Accordingly, the motion is denied. To assist the Court in the eventual determination of the issues under consideration the Court has invited the Federal Communications Commission to present its views on this matter.

The defendants have cross-moved for partial summary judgment dismissing plaintiff's demand for loss of anticipated profits and business opportunities. They contend that the applicable law is clear that a new business venture cannot recover for loss of anticipated profits. In its papers opposing the motion, Systems concedes that it was "recently organized" and that it "never had any contractually bound subscribers" for the service it offered.[4] However, it argues that this damage issue should be resolved after all the relevant evidence is introduced during a trial on the merits.

■ Rule 56(c) of the F.R.Civ.P. provides that a court may grant summary judgment if it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The central question presented in this motion is whether a newly-established business with no prior record and which admittedly had no signed agreements with any of its prospective customers may yet recover for loss of anticipated profits and business opportunities. The Court recognizes that the general rule is that profits from a business contemplated but not yet established are too remote and uncertain to form the basis of an award. Howard v. Stillwell & Bierce Mfg. Co., 139 U.S. 199, 11 S.Ct. 500, 35

---

3. In its notice of motion the plaintiff originally moved to strike the defenses interposed by American Telephone & Telegraph. However, in its memorandum of law, the plaintiff has clarified its position in this matter. It concedes that the tariff provisions asserted by American Telephone & Telegraph may be

the applicable federal law. Plaintiff's Reply Memorandum at 3. In view of this, the Court will treat this portion of the motion as having been abandoned.

4. Plaintiff's Reply Memorandum at 21, 23.

L.Ed. 147 (1891). However, the Court does not accept defendants' contention that as a matter of law a new business may not recover for loss of anticipated profits under any circumstances. See For Children, Inc. v. Graphics International, Inc., 352 F.Supp. 1280 (S.D.N.Y. 1972). It, therefore, concludes that defendants are not "entitled to a judgment as a matter of law" as required by Rule 56(c) and that their motion for partial summary judgment must be denied.

In sum, plaintiff's motion to strike defendants' affirmative defenses is denied and defendants' motion for partial summary judgment is also denied.

So ordered.