United States Court of Appeals,

Fifth Circuit.

No. 94-40609.

Summary Calendar.

Ted KINSEY and Kathryn Kinsey, Plaintiffs-Appellants,

and

Travelers Insurance Company, Intervenor-Plaintiff-Appellant,

v.

FARMLAND INDUSTRIES, INC., Defendant-Appellee.

Dec. 9, 1994.

Appeal from the United States District Court for the Western District of Louisiana.

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Plaintiffs-Appellants and Intervenor-Appellant appeal the district court's grant of summary judgment on grounds that Defendant-Appellee was a statutory employer for purposes of Section 23:1061 of the Louisiana Worker's Compensation Act, and the district court's denial of their motions for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). They challenge the court's finding of statutory employer status, arguing that the work performed was not an integral part of Defendant-Appellee's business. We find the work of installing a replacement flare stack was an integral part of the business of Defendant-Appellee. We affirm.

FACTS AND PROCEDURAL HISTORY

On July 12, 1991, Ted Kinsey ("Kinsey"), an employee of Bayou

1

Sale Contractors, Inc. ("Bayou"), was injured at the Pollock, Louisiana location of Farmland Industries, Inc. ("Farmland") when the scaffold board upon which he was standing while welding collapsed. Kinsey filed a worker's compensation claim which was accepted by Travelers Insurance Company ("Travelers"), the worker's compensation insurer of Bayou and paid.

On July 8, 1992, the Kinseys filed suit against Farmland seeking damages for personal injury and loss of consortium. Farmland filed a third-party demand against Bayou, its insurer Underwriters at Lloyds of London, and David H. Stiel, Jr., d/b/a David H. Stiel, Jr. Agency. Farmland subsequently moved to dismiss its third-party demand against Underwriters at Lloyds of London, which was granted by the district court on November 23, 1992. Farmland's third-party demand against David H. Stiel, Jr. was later dismissed on October 27, 1993.

On July 2, 1993, Travelers intervened for indemnity, medical and incidental expenses paid to or on behalf of Kinsey as a result of the July 12, 1991 accident. Farmland filed a motion for summary judgment on July 15, 1993 arguing that it was Kinsey's "statutory employer" under section 23:1061 of the Louisiana Worker's Compensation Act. The district court granted the motion and entered judgment for Farmland, and against the Kinseys, on November 24, 1993.

The Kinseys and Travelers appealed the summary judgment order, which was subsequently dismissed by this Court because the indemnity issue raised by Farmland in a August 13, 1993 summary

2

judgment motion had not been resolved by the district court. On April 11, 1994, the Kinseys filed a motion for reconsideration of the November 24, 1993 summary judgment order pursuant to Rule 60(b). Travelers filed a Rule 60(b) motion adopting the Kinseys' motion on April 28, 1994. On May 20, 1994, the district court entered a memorandum order denying Farmland's motion for summary judgment on the indemnity issue. On June 27, 1994, the court entered an order denying both Rule 60(b) motions.

On June 28, 1994, the Kinseys' appeal was entered for the district court's ruling on their motion for reconsideration entered on June 27, 1994. Travelers' appeal from the June 27, 1994 and the November 24, 1993 rulings was entered on July 5, 1994. On July 19, 1994, the Kinseys entered an Amended Notice of Appeal to include the court's ruling on November 24, 1993.

FEDERAL RULE OF APPELLATE PROCEDURE 4

Farmland contends that this Court lacks jurisdiction to review the district court's summary judgment ruling on November 24, 1993 because both the Kinseys and Travelers failed to file timely appeals. Specifically, Farmland argues that final disposition of the case was not entered until the court's May 20, 1994 ruling on the indemnity issue. The Kinseys' June 27, 1994 Notice of Appeal addressed only the court's ruling on their Rule 60(b) motion, and not the summary judgment order. The Kinseys' Amended Notice of Appeal, which added the court's ruling on summary judgment from November 24, 1993, was not filed within 30 days of the May 20, 1994 final disposition of the case. Farmland also argues that

3

Travelers' July 5, 1994 Notice of Appeal was filed more than 30 days after the May 20, 1994 disposition of summary judgment, although it was timely filed with regard to the court's ruling on its Rule 60(b) motion. Therefore, both the Kinseys and Travelers have timely appealed only the court's ruling on their Rule 60(b) motions.

Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure:
>
> ....
>
> (F) for relief under Rule 60 if the motion is served within 10 days after the entry of judgment.

FED.R.APP.P. 4(a)(4) (1994). The rule has the effect of tolling the 30 day time for appeal until after the district court has ruled on the Rule 60 motion.

In this case, the district court's final disposition of the summary judgment motion was entered on May 20, 1994. Therefore, the 30 day time for appeal would begin to run at that date. However, both the Kinseys and Travelers filed Rule 60(b) motions prior to the court's May 20, 1994 ruling. We have previously held that if the final disposition of the case has not been entered at the time a party files a Rule 60 motion, the motion is timely and effective for purposes of applying Rule 4(a)(4). *See Craig v. Lynaugh,* 846 F.2d 11, 13 (5th Cir.1988). Therefore, the 30 day time for appeal was tolled until the court ruled on the Rule 60(b)

4

motions. The court entered its order denying both motions on June 27, 1994. All subsequent Notices of Appeal were filed within 30 days of the June 27, 1994 order, including the Kinseys' Amended Notice of Appeal. Therefore, we find that we have jurisdiction over the district court's grant of summary judgment in this case.

STANDARD OF REVIEW

Review of a motion for summary judgment is plenary. *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 79 (5th Cir.1987). Although review is *de novo,* we apply the same standards governing the district court's determination. *Jackson v. Federal Deposit Ins. Corp.,* 981 F.2d 730, 732 (5th Cir.1992). Summary judgment must be granted if the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). To determine whether there are any genuine issues of material fact, the court must first consult the applicable substantive law to ascertain what factual issues are material. The moving party bears the burden of coming forward with proof of the absence of any genuine issues of material fact through the identification of those portions of the pleadings, depositions, answers to the interrogatories, and admissions on file, together with any affidavits which it believes demonstrates the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The nonmovant is then required to counter the motion for summary judgment. FED.R.CIV.P. 56(e). "[M]ere general allegations which

5

do not reveal detailed and precise facts will not prevent the award of summary judgment." *Nicholas Acoustics, Specialty Co. v. H & M Const. Co., Inc.,* 695 F.2d 839, 844 (5th Cir.1983) (quoting *Liberty Leasing Co. v. Hillsum Sales Corp.,* 380 F.2d 1013, 1051 (5th Cir.1967)). The court must then review all evidence bearing on those issues, viewing the facts and inferences in the light most favorable to the nonmoving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167 (5th Cir.1990), *cert. denied,* --- U.S. ----, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993).

STATUTORY EMPLOYER

Under the Louisiana Worker's Compensation Act, a "principal" who engages a contractor to perform work that is part of the principal's "trade, business, or occupation," is liable to pay any worker's compensation benefits to an employee of the contractor injured in the performance of the work. LA.REV.STAT. § 23:1061(A). A principal who falls within this statute, referred to as a statutory employer, is immune from any tort liability brought by the injured statutory employee. *See* LA.REV.STAT. § 23:1032; *see also Thompson v. Georgia Pacific Corp.,* 993 F.2d 1166, 1168 (5th Cir.1993).

A statutory employer relationship exists when the work performed is a part of the principal's trade, occupation, or business. The original standard applied for determining statutory employer status was the "integral relation" test established by the Louisiana Supreme Court in *Thibodaux v. Sun Oil Co.,* 218 La. 453, 49 So.2d 852, 854 (1950). If the contractor was engaged in work

6

that was an integral part of the trade, business, or occupation of the principal, then the principal was considered a statutory employer. *Id.* In 1986, however, the Louisiana Supreme Court developed the more restrictive test outline in *Berry v. Holston Well Service, Inc.,* 488 So.2d 934 (La.1986).

In 1989, the Louisiana Legislature amended § 23:1061, effectively overruling the *Berry* decision.[1] Subsequently, this Court held that the 1989 amendment "legislatively revised the *Berry* test and effective directed the courts back to the previously discarded "integral relation' test found in *Thibodaux.*" *Harris v. Murphy Oil, U.S.A., Inc.,* 980 F.2d 991, 993 (5th Cir.1992); *see also Salsbury v. Hood Industries, Inc.,* 982 F.2d 912, 916 (5th Cir.1993).

In this case, Farmland decided to replace its flare stack by installing a new one and then dismantling the old one. Farmland is in the business of producing ammonia emissions, and the flare stack is used on a daily basis to reduce the emission of ammonia in the air. Although the old flare stack was fully functional and operational, the new flare stack was capable of burning more

---

[1]The amendment is as follows:

> The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.

La.Rev.Stat. § 23:1061.

ammonia than the old stack.

For purposes of determining Farmland's statutory employer status, the work at issue is the replacement of the flare stack. We believe that the replacement of the old flare stack with a new one capable of burning more ammonia was an integral part of Farmland's business. The fact that the new flare stack failed to decrease ammonia emissions in the year following its installation does not make the work of replacing the flare stack a non-integral part of Farmland's business. Nor does it create a genuine issue of material fact with regard to why the flare stack was replaced.

The Kinseys and Travelers also appealed the district court's denial of their Rule 60(b) motions for reconsideration. We find that they failed to present any issues that would warrant reconsideration of the court's grant of summary judgment in this case.

## CONCLUSION

We find that Farmland was Kinsey's statutory employer, and therefore, the district court properly granted Farmland's motion for summary judgment. We further find that the district court's ruling denying the Kinseys and Travelers' motions for reconsideration pursuant to Rule 60(b) was appropriate. AFFIRMED.