**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-30648**
**Summary Calendar**

---

**LARRY D. ANKUM, SR.; PATRICIA ANKUM, Wife,**

**Plaintiffs-Appellants,**

**FIDELITY & CASUALTY COMPANY OF NEW YORK,**

**Intervenor-Appellant,**

**VERSUS**

**TRAVELERS INSURANCE COMPANY; AETNA CASUALTY**
**& SURETY COMPANY, As Owners of Canal Place;**
**INSURANCE COMPANY OF NORTH AMERICA (CIGNA),**

**Defendants-Appellees.**

---

Appeal from the United States District Court
For the Eastern District of Louisiana
(94-CV-378-M)

---

November 29, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The Travelers Insurance Company ("Travelers") owned the premises commonly known as Canal Place, Phase II, which includes a

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

hotel, a retail mall and an attached parking garage located at 365 Canal Street, New Orleans, Louisiana. Travelers entered into a management agreement dated May 1, 1991, with Canal Place Management, Inc. ("CPMI") to manage and operate the premises owned by Travelers. CPMI hired Larry D. Ankum, Sr. ("Ankum") as an electrician on its full time staff to provide routine maintenance and operation services in the premises owned by Travelers. On May 13, 1992, Ankum sustained an injury when a ladder which he was using to string additional electrical lines for lights in the retail area slipped and fell with him. Ankum received workers' compensation benefits from the workers' compensation coverage provided by his employer, CPMI.

On May 12, 1993, Ankum sued Travelers in Louisiana state court alleging that Travelers' negligence caused his injury. On November 18, 1993, Ankum amended his state court petition to include Insurance Company of North America ("INA") as the liability insurer of Travelers. INA removed the case to the federal District Court for the Eastern District of Louisiana based upon diversity of citizenship. Fidelity & Casualty Company of New York ("Fidelity"), who had paid compensation benefits to Ankum, intervened.

Travelers and INA moved for summary judgment arguing that Ankum was a statutory employee of Travelers and that under LA. REV. STAT. 23:1061(A), as amended effective January 1, 1990, Ankum cannot assert a claim for negligence against Travelers. The parties consented to a determination of the matter by a magistrate judge.

2

The magistrate judge granted INA and Travelers' motion for summary judgment.  Ankum and Fidelity appealed to this Court.

We have carefully reviewed the briefs, the record excerpts and the relevant portions of the summary judgment record itself.  Under the facts and law applicable to this case, we are satisfied that the decision of the magistrate judge was correct.  See **Thompson v. Georgia Pacific Corp.**, 993 F.2d 1166 (5th Cir. 1993); **Morgan v. Gaylord Container Corp.**, 30 F.3d 586 (5th Cir. 1994); and **Kinsey v. Farmland Industries, Inc.**, 39 F.3d 603 (5th Cir. 1994).

AFFIRMED