Aaron ABRAMSON, et al.

v.

FLORIDA GAS TRANSMISSION COMPANY, et al.

Civ. A. Nos. 91–4255, 93–2404.

United States District Court, E.D. Louisiana.

Nov. 30, 1995.

Karen Delcambre McCarthy, Lanny R. Zatzkis, Yvette Anne D'Aunoy, Zatzkis & Associates, New Orleans, LA, Louis B. Merhige, Metairie, LA, for Aaron Abramson.

Louis B. Merhige, Metairie, LA, for Alfred Abramson, Joseph Abramson, Carol Abramson Schudmak, Eugenie Marrus Abramson, Steven M. Brainis, Joseph M. Brainis, David Brainis, Lucy Abramson Brainis, Debra Brainis Lester, Sara Brainis Rambin, Ethel Abramson.

Michael Ray Mangham, Michael J. O'Shee, Mangham & Hardy, Lafayette, LA, Louis P. Soldano, Florida Gas Transmission Co., Houston, TX, for Florida Gas Transmission Co.

Bryan David Fisher, Hank Seldon Hannah, Hannah, Colvin & Pipes, Baton Rouge, LA, for Ralston & Associates, Inc.

Stephen Louis Huber, Borrello, Huber & Dubuclet, Metairie, LA, Lawrence Emig Larmann, Dominic J. Ovella, W. Evan Plauché, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for Henkels & McCoy Inc.

Lawrence Emig Larmann, Dominic J. Ovella, W. Evan Plauché, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, Russell Louis Sylvester, Brittain & Sylvester, Natchitoches, LA, for Liberty Mut. Ins. Group.

Eric Shuman, McGlinchey, Stafford & Lang, New Orleans, LA, Richard W. Bryan, Douglas C. McAllister, Jackson & Campbell, Washington, DC, for National Union Fire Ins. Co. of Pittsburgh.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a "Motion to Strike Affirmative Defenses or, Alternatively, Motion for Partial Summary Judgment" filed by defendant Henkels & McCoy, Inc. The motion was taken under submission on a previous date without oral argument. Having reviewed the memoranda of the parties, the record and the applicable law, the Court DENIES the motion.

## Background

Plaintiffs have asserted claims against defendants Florida Gas Transmission Company (hereinafter "Florida Gas") and Henkels & McCoy, Inc., for alleged damages to their property following a reconditioning project on a natural gas pipeline that traverses plaintiffs' property. Plaintiffs seek damages for various items, including but not limited to damages for material allegedly left on the property. Florida Gas owns the pipeline, and Henkels & McCoy was the reconditioning contractor.[1]

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter "National Union"), had issued policies of insurance to Henkels & McCoy which were in effect at the time of the pipeline reconditioning project.[2] Plaintiffs sued National Union directly under the Louisiana Direct Action Statute, LSA–R.S. 22:655, and it filed an answer asserting various coverage defenses.[3]

In the instant motion Henkels & McCoy seeks to strike the affirmative defenses and/or partial summary judgment against National Union on the basis that it waived any defenses as a matter of law.[4]

In opposition, National Union first questions Henkels & McCoy's standing to bring such a claim. National Union also disputes whether Henkels & McCoy has carried its burden of showing that it is entitled to partial summary judgment and/or whether the facts alleged by Henkels & McCoy, even if true, provide a basis for relief against coverage defenses asserted by National Union.

## Law and Application

### I. Standard of Review

#### A. Motion to Strike

■ Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part:

[I]f no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Striking a pleading is a drastic remedy to be used only when the purposes of justice so require. *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir.1962), *quoting Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953). "A disputed question of fact cannot be decided on a motion to strike." *Augustus*, 306 F.2d at 868.

It is true, also, that when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.

*Id.* *See also FDIC v. Niblo*, 821 F.Supp. 441, 448–49 (N.D. Texas, Abilene Div., 1993) *citing Augustus*.

■ The Court declines to consider Henkels & McCoy's motion as a motion to strike under Rule 12(f) for two reasons. First, when the present motion was filed, the last responsive pleading to which the motion was directed—the answer of National Union—had been filed months ago. Thus, the motion to strike was filed well after the 20–day limit imposed by the rule itself. Second, the instant motion involves substantial questions of

---

1. These background facts were taken from plaintiffs' amended complaints in these consolidated matters. (R.Docs. 101 and 102.)

2. National Union's "Counterstatement of Material Facts," No. 5, attached to National Union's memorandum in opposition (R.Doc. 218).

3. R.Doc. 129.

4. As filed, the motion also sought relief against both defendant insurers, Liberty Mutual Insurance Company and National Union Fire. However, because defendants Henkels & McCoy, Inc., Florida Gas Transmission Co. and Liberty Mutual have dismissed cross-claims against each other (R.Doc. 254), and, further, because the Court understands from these defendants that Liberty Mutual will stipulate in the final Pre-trial Order to coverage of Florida Gas, the instant motion is moot as to Liberty Mutual.

law, which the Court deems better addressed on a motion for summary judgment, which is equivalent to a determination on the merits. *See Augustus, supra.*

### B. Motion for Summary Judgment

██ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment *as a matter of law.*" (Emphasis added.) The mover first bears the burden of "coming forward with the absence of genuine issues of material fact...." *Kinsey v. Farmland Industries, Inc.,* 39 F.3d 603, 606 (5th Cir.1994), *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

██ The non-movant's burden is then to show a genuine issue of material fact, Fed. R.Civ.P. 56(e), which "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corporation,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Further, "factual controversies [are resolved] in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* In other words, the inferences drawn from the underlying facts, however, must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588, 106 S.Ct. 1348, 1357, 89 L.Ed.2d 538 (1986). The substantive law determines materiality of facts, and only facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

██ In essence, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may

reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

### II. Law as to Waiver

██ In *Steptore v. Masco Construction Co., Inc.,* 643 So.2d 1213, 1216 (La.1994), the Louisiana Supreme Court concisely summarized the law of waiver in Louisiana, which is applicable by virtue of diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332.

Waiver is generally understood to be the intentional relinquishment of a known right, power, or privilege. Waiver occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished. A waiver may apply to any provision of an insurance contract, even though this may have the effect of bringing within coverage risks originally excluded or not covered.

It is well established that an insurer is charged with knowledge of the contents of its own policy. In addition, notice of facts which would cause a reasonable person to inquire further imposes a duty of investigation upon the insurer, and failure to investigate constitutes a waiver of all powers or privileges which a reasonable search would have uncovered.

Waiver principles are applied stringently to uphold the prohibition against conflicts of interest between the insurer and the insured which could potentially affect legal representation in order to reinforce the role of the lawyer as the loyal advocate of the client's interest. Accordingly, when an insurer, with knowledge of facts indicating noncoverage under the insurance policy, assumes or continues the insured's defense without obtaining a nonwaiver agreement to reserve its coverage defense, the insurer waives such policy defense.

*Id.* at 1216 (citations omitted). *See also Peavey Company v. M/V ANPA,* 971 F.2d 1168, 1175 (5th Cir.1992). "[R]eliable proof of ... waiver is necessary, and the burden of producing it, as in the proof of obligations

generally, falls on the party who demands performance [*i.e.*, Henkels & McCoy]." *Tate v. Charles Aguillard Ins. & Real Estate, Inc.*, 508 So.2d 1371, 1375 (La.1987).

### III. Waiver by National Union

■ The first issue as to waiver by National Union is, as noted, whether Henkels & McCoy has standing to bring this motion, which can be disposed of in short order. In view of the undisputed fact, also set forth above, that National Union issued a policy of liability insurance in favor of Henkels & McCoy which was in effect at the time of the pipeline reconditioning project, the Court finds that, as an insured, Henkels & McCoy has standing to raise the issue of waiver. *See Shockley v. Sallows*, 615 F.2d 233, 237–38 (5th Cir.1980) (rights of third-party claimant to sue defendant's insurer arise under LSA–R.S. 22:655 as third-party beneficiary of insured; these rights "spring from the contract" between the insured and insurer).[5]

■ The second issue is whether Henkels & McCoy has carried its burden on summary judgment of showing that there is no genuine issue of material fact that National Union had notice of facts of this matter and its policy provisions for four years prior to the filing of its answer on March 1, 1995, and that its failure to reserve any rights prior to that time constitutes waiver under the principles discussed above. The Court's review of the pleadings indicates that Henkels & McCoy's hypothesis is wholly unsubstantiated by any discovery responses, affidavits, deposition testimony or otherwise. Thus, Henkels & McCoy has failed to carry its burden on summary judgment of showing an absence of genuine issues of material fact. *Kinsey, supra.*

In its "Counterstatement of Material Facts," National Union states that "it was not notified of the claims giving rise to this lawsuit until shortly before the time it was added to this lawsuit in late 1994."[6] The record indicates that the Magistrate Judge granted plaintiffs' motion to amend their complaint to add Liberty Mutual and National Union as defendants on December 8, 1994.[7] Assuming that National Union learned of this lawsuit in late November—early December 1994, is its filing of an answer reserving policy defenses within approximately three months enough to constitute waiver? The Court thinks not.

Henkels & McCoy has not shown that prior to late 1994 National Union knew of facts that would have given it notice to review its policy as to any coverage defenses and to provide a reservation of rights letter to Henkels & McCoy within a "reasonable time" under *Peavey*. Nor has Henkels & McCoy shown that National Union's assertion of coverage defenses approximately three or four months later was not an assertion within a "reasonable time," especially when there also has been no showing that, unlike the insurer in *Peavey*, National Union assumed the defense of Henkels & McCoy before it filed its answer.[8] *See Peavey*, 971 F.2d at 1175–76. Simply put, Henkels & McCoy has not shown an absence of genuine issues of material fact, much less "reliable proof," *Tate, supra*, that National Union waived its coverage defenses by failing to

---

**5.** The fact that Henkels & McCoy attached to its memorandum in support a copy of National Union's answer to Florida Gas' third-party complaint is of no moment. National Union filed an answer asserting coverage defenses to plaintiffs' complaint (R.Doc. 129), and this is sufficient for the Court to entertain Henkels & McCoy's motion.

**6.** "Counterstatement of Material Facts," attached to National Union's memorandum in opposition. (R.Doc. 218.)

**7.** (R.Doc. 100.)

**8.** The Court disagrees, however, with National Union's contention that, as an excess carrier, it does not have a duty to defend. The case cited by National Union in support of that assertion, *Hartford Acc. & Indem. Co. v. United General Ins. Co.*, 855 F.2d 228, 231 (5th Cir.1988) does not stand for that proposition. Instead, what *United General* states is that "Louisiana law requires an insurer to provide its insured with a defense unless the insurance policy unambiguously excludes a defense obligation." *Id.* Indeed, the record indicates that both National Union–Henkels & McCoy policies that may be at issue provide for National Union to defend Henkels & McCoy. "Motion and Memorandum in Support of Motion for Leave to File Exhibits," attachments A and B. (R.Doc. 214.)

investigate the facts at issue and/or acting so inconsistently as to induce Henkels & McCoy that it has relinquished its coverage defenses. *Steptore,* 643 So.2d at 1216.

Therefore, Henkels & McCoy's motion for partial summary judgment as to waiver of coverage defenses by National Union is denied.

Finally, as noted above, n. 4, *supra,* the motion as to waiver by Liberty Mutual is denied as moot.

Accordingly,

IT IS ORDERED that the "Motion to Strike Affirmative Defenses or, Alternatively, Motion for Partial Summary Judgment" filed by defendant Henkels & McCoy, Inc., is DENIED.