**Rafael O. MORELL, Mabel Campos Lopez, Plaintiffs,**

v.

**UNITED STATES of America and Norberto Ruiz, Defendants.**

No. Civ.A. 98–1033(DRD).

United States District Court, D. Puerto Rico.

March 8, 1999.

Francisco Fernandez-Alvarez, Hato Rey, PR, for plaintiffs.

Agnes I. Cordero, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for defendant.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the court is plaintiffs' Motion to Strike Defendant's Affirmative Defenses filed on May 27, 1998. (Docket No. 5B). Plaintiffs maintain that defendant's first, second, third, sixth and eighth affirmative defenses raised in the answer to the complaint should be stricken. On June 19, 1998 defendant United States of America filed an opposition to plaintiffs' motion. (Docket No. 8). After consideration of the above mentioned submissions, plaintiffs' motion to strike is Denied.

Plaintiffs, Rafael Morel and Mabel Campos Lopez, filed the present action against the United States and Internal Revenue Service agent Norberto Ruiz on January 23, 1998. The complaint raised three causes of action seeking damages for unauthorized collection action pursuant to 26 U.S.C. § 7433; failure to release lien pursuant to 26 U.S.C. § 7432; and violations of plaintiffs' constitutional rights.[1] (Docket No.1). On May 6, 1998, the United States filed an answer to the complaint asserting therein eight affirmative de-

fenses. (Docket No. 5). Subsequently, on May 27, 1998, plaintiffs moved the court to strike defendant's first, second, third, sixth and eighth affirmative defenses. (Docket No. 5B). Defendant's first two defenses assert that plaintiffs have failed to exhaust administrative remedies with respect to their claims under 26 U.S.C. § 7432 and § 7433. The third defense alleges that plaintiffs' claims are time-barred. The sixth defense asserts that there is no subject matter jurisdiction to the extent plaintiffs seek a declaratory judgement that the tax assessments are invalid. Finally, the eighth defense maintains that, because of the doctrine of sovereign immunity, the court lacks subject matter jurisdiction to the extent the third cause of action (damages for constitutional violations) seeks to recover from the United States. Plaintiffs maintain these defenses "are irrelevant to the Plaintiffs' case and are therefore, confusing and prejudicial." (Docket No. 5B).

### I. STANDARD FOR MOTION TO STRIKE

Pursuant to Fed.R.Civ.Pro. 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[b]oth because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Federal Deposit Ins. Corp. v. Niblo*, 821 F.Supp. 441, 449 (N.D.Tex.1993); *See also Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir.1962); *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953); *Systems Corp. v. American Telephone & Telegraph Co.*, 60 F.R.D. 692, 694 (S.D.N.Y.1973); Wright & Miller, Federal Practice and Procedure: Civil 2d § 1380 at 647. This remedy should be used only when the purpose of justice so requires. *Augustus*, 306 F.2d at 868; *Brown*, 201 F.2d at 822; *Abramson v. Florida Gas Transmission Co.*, 908 F.Supp. 1383, 1386 (E.D.La.1995). "In order to succeed on a motion to strike sur-

---

1. On June 30, 1998 plaintiffs filed an amended complaint adding a fourth cause of action, claiming damages for unauthorized disclosure of tax returns and return information, not discussed here as it does not pertain to the motion to strike before the court. (Docket No.11).

plus matter from an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claim as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Niblo*, 821 F.Supp. at 449; *See also Augustus*, 306 F.2d at 868; *Brown*, 201 F.2d at 822.

■ In addition "[a] disputed question of fact cannot be decided on motion to strike." *Augustus*, 306 F.2d at 868. "It is true, also, that when there is no showing of prejudicial harm to the moving party, ... the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Id.; Niblo*, 821 F.Supp. at 449 ("The court must deny a motion to strike if there is any question of fact or law."); *Bryant v. American Nat'l Bank & Trust Co.*, 407 F.Supp. 360, 363 (N.D.Ill.1976) ("A motion to strike a defense should be denied if the defense presents a question of law which the court should hear."); *South v. United States*, 40 F.R.D. 374, 376 (1966) (motion to strike "not intended to furnish an opportunity for the determination of disputed and substantial questions of law."). "Under such circumstances, the court may property, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Augustus*, 306 F.2d at 868. Thus, "[b]efore this type of motion can be granted the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute and that under no set of circumstances could the defenses succeed." *Systems Corp.*, 60 F.R.D. at 694. The granting of the motion to strike is within the discretion of the court. *Niblo*, 821 F.Supp. at 449.

## II. DISCUSSION

In the instant case, the court does not find that defendant's affirmative defenses are so unrelated, or so prejudicial, to plaintiffs'

claims as to meet the standard for granting a motion to strike. Plaintiffs have not persuaded the court that defendant cannot establish, as a matter of law, a valid defense under those theories espoused in the answer to the complaint. The court shall discuss the challenged affirmative defenses *seriatim*.

■ Plaintiffs first argue that defendant's first and second affirmative defenses claiming lack of subject matter jurisdiction for failure to exhaust administrative remedies should be stricken. They maintain that such remedies have been fully exhausted by "giving more than one formal written notice, opposing the liens placed on their properties, and requesting that liens be lifted, in each letter giving detailed reasoning for their request" and that any deficiencies in the notices are minor. (Docket No. 5B, p. 3). Defendant responds, however, that said notices do not constitute exhaustion of administrative remedies since they did not comply with all the elements required under 26 C.F.R § 301.7432–1(f).[2] To resolve this question, the court must determine whether plaintiffs notices, as a matter of law, satisfy the notice requirements under § 7432–1(f). An exercise which, as discussed above, is not appropriate for a motion to strike. *See e.g., Augustus*, 306 F.2d at 868.

■ Plaintiffs also claim defendant's third affirmative defense, that the claims are time barred, should also be stricken as the two-year statute of limitations is inapplicable to plaintiffs' claims in this case. Plaintiffs maintain that while defendant's allegedly invalid collection practices began over two years ago, such actions constitute a "continuous" injury. In such cases of continuing injury, the cause of action generally does not accrue until the injury ceases. *Page v. United States*, 729 F.2d 818, 821 (D.C.Cir.1984) ("It is well-settled that 'when a tort involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases.'"); *See also, Havens Realty Corp. v. Coleman*, 455

---

2. 26 CFR § 301.7432–1(f) states in pertinent part: "An administrative claim for actual, direct economic damages as defined in paragraph (c) of this section shall be sent in writing to the district director (marked for the attention of the Chief, Special Procedures Function) in the district in which the taxpayer currently resides or the district in which the notice of federal tax lien was filed."

U.S. 363, 380–81, 102 S.Ct. 1114, 1125, 71 L.Ed.2d 214 (final Fair Housing Act violation brings action within limitations period); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 948, 117 L.Ed.2d 117 (1992) (finding there was no continuing violation to justify extending the limitations period); *Gross v. United States*, 676 F.2d 295, 300 (8th Cir. 1982). ("The statute of limitations for a continuing tort generally runs from the date of the last tortious act.") Plaintiffs thus conclude that, since the injury has not ceased, the cause of action has not yet accrued. Only after the injury ends, they aver, does the statute of limitations begin to run. Defendant contends that such cases of continuing injury are not applicable to collection actions. Rather, it is argued, they are limited to medical malpractice cases.

This question requires the court to find as a matter of law whether wrongful or illegal collection practices can constitute a continuous injury. This particular issue has not been clearly answered by the courts of this Circuit, nor do plaintiffs cite any authority that suggests the applicability of the "continuous tort" theory to collection actions. Moreover, it is not clearly apparent from the record that, even if this theory was applicable, actions by defendant and its agents constitute such a "continuing tort." Thus, as with the question of exhaustion of administrative remedies discussed above, this determination is not appropriate when deciding a motion to strike. *See e.g., Augustus*, 306 F.2d at 868.

■ Plaintiffs further moved to strike defendant's sixth affirmative defense which asserts that the court lacks jurisdiction, to the extent plaintiffs seek a declaratory judgment finding that the assessments are invalid. Plaintiffs maintain that at no time have they sought declaratory judgment from the court. Defendant responds that plaintiffs are, in essence, asking the court to declare that the assessments were invalid. Plaintiffs claim defendant's agents have engaged in unautho-

rized collection practices in part because the tax assessments imposed by the IRS are invalid. To find liability for the complained of collection actions, defendant maintains, it is necessary for this court to find the assessments invalid.

26 U.S.C. § 7432 and § 7433 of the Code are designed to challenge improper conduct of Internal Revenue Service employees when engaging in collection practices. These provisions, however, do not provide for a cause of action for taxpayers to challenge the Service's assessments of their tax liability. "Taxpayers who wish to challenge the IRS' calculation of their tax liability, must file either a petition for redetermination in the Tax Court 26 U.S.C. §§ 6213, 6214, or a refund action in the district court. 26 U.S.C. § 7422. Section 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures." *Gonsalves v. I.R.S.*, 975 F.2d 13, 16 (1st Cir. 1992). In this case, plaintiffs do not assert that the Service's assessments have been declared invalid using the proper procedures. As such, the court is not convinced, at this motion to strike stage, that a declaratory judgment finding the Service's tax assessments invalid will not be required if plaintiffs are to be afforded relief. Thus, since defendant's sixth defense is not "so unrelated to plaintiffs claim as to be unworthy of any consideration as a defense," *Niblo*, 821 F.Supp. at 449, plaintiffs motion to strike this defense cannot be granted.

■ Finally, plaintiffs seek to strike defendant's eighth affirmative defense which claims that the cause of action is barred by the doctrine of sovereign immunity. Plaintiffs maintain that § 7432 and § 7433 expressly waive the United States' sovereign immunity from suit arising from reckless or intentional violations of the Internal Revenue Code (IRC) or its regulations by IRS agents. This waiver of immunity under § 7432 and § 7433, however, is limited.[3] These sections "authorize suits only where an IRS agent has violated the taxing statutes or the regulations

---

**3.** § 7432(a) allows a taxpayer to recover damages against the United States only if an IRS agent "fails to release a lien under section 6325 on property of the taxpayer." In addition,

§ 7433 provides that an action for damages may be brought against the United States only if an IRS agent "disregards any provision of [the IRC] or any regulation promulgated under this title."

promoted under them." *Gonsalves*, 975 F.2d at 16. The United States, however, has not waived its immunity from suit for damages arising from constitutional violations. *Id.* at 15. In this case, plaintiffs' third cause of action in the amended complaint seeks damages for alleged violations of constitutional rights. (Docket No. 11). To the extent they seek such damages against the United States under said cause of action, sovereign immunity is an appropriate defense. As such, plaintiffs' motion to strike this affirmative defense is denied.

The court finds that defendant's affirmative defenses which plaintiffs seek to strike are not "insufficient, redundant, immaterial, impertinent, or scandalous." Plaintiffs did not show that the questions of law that are raised in said defenses were clear and undisputed. Further, there was no showing that "under no set of circumstances could the defenses succeed." Nor was there any credible claim that the defenses created undue prejudice for the movants. Accordingly, plaintiffs' motion to strike affirmative defenses (Docket No. 5B) is hereby **DENIED.**

IT IS SO ORDERED.